## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 13-10164-WGY |
| | ) |
| 13. JOHN KINNEY | ) |

## PRELIMINARY ORDER OF FORFEITURE

**YOUNG, D.J.**

WHEREAS, on May 30, 2013, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant John Kinney (the "Defendant") with Conspiracy to Possess With Intent to Distribute and to Distribute Oxycodone, in violation of 21 U.S.C. § 846 (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used to or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

WHEREAS, on January 17, 2014, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 21 U.S.C. § 853 as a result of violations of 21 U.S.C. § 846. The Bill of Particulars identified any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used or intended to be used, in any manner or part to commit, or to facilitate

1

the commission of, such violation, including but not limited to the following specific properties:

        (a)      One gray 2005 Ford F-150, bearing Vehicle Identification Number
                   IFTPX14595FA24324 and Massachusetts Registration 634SG3

(the "Vehicle");

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on April 14, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on April 14, 2014;

WHEREAS, in Section Nine of the plea agreement, the Defendant admitted that the Vehicle is subject to forfeiture because it constitutes, or is derived from, any proceeds obtained, directly or indirectly, as a result of Defendant's offense; and/or was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Vehicle and the offense to which the Defendant pled guilty, and accordingly, the Vehicle is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853;

2

WHEREAS, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Vehicle.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Vehicle and the offense to which the Defendant pled guilty.

2.    Accordingly, all of the Defendant's interests in the Vehicle are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

3.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Vehicle and maintain it in its secure custody and control.

4.    Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Vehicle.

5.    Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Vehicle to be forfeited.

6.    Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Vehicle, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of

3

his or her interest in the Vehicle; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Vehicle, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Vehicle, any additional facts supporting the petitioner's claim, and the relief sought.

7.       Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Vehicle.

8.       Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.       Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

William G. Young
United States District Judge

Dated: June 23, 2014

4